Terry **YARBROUGH**, Plaintiff–
Appellant,

v.

Larry G. **MASSANARI**, Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–35533.

D.C. No. CV–99–01610–KI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Nov. 6, 2001.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM[1]

Terry Yarbrough appeals the district court's judgment affirming the Commissioner of Social Security's denial of his applications for Social Security disability insurance benefits and Supplemental Security Income disability benefits under Titles II and VXI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The ALJ found that Yarbrough was not disabled, and was not entitled to benefits, because he could perform available sedentary work. The ALJ properly rejected Yarbrough's testimony that excess pain rendered him unable to perform sedentary work. The ALJ offered specific, clear and convincing reasons why he found Yarbrough's testimony regarding the extent of his pain to be incredible. *See Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir.1996). The ALJ also properly rejected the testimony of Yarbrough's wife and friend regarding the extent of Yarbrough's pain because it was exaggerated and conflicted with available medical evidence. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993).

■ The ALJ also properly rejected the opinion of Dr. Scoltock, Yarbrough's treating physician, that Yarbrough could not perform sedentary work. Dr. Scoltock based his estimates of Yarbrough's residual functional capacity upon Yarbrough's subjective complaints, which the ALJ found to be incredible. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989). The ALJ also noted major inconsistencies between Dr. Scoltock's responses to two questionnaires regarding Yarbrough's functional capacity.

We are not persuaded by Yarbrough's arguments on his remaining claims challenging the ALJ's finding as to the extent of his depression, the sufficiency of the hypothetical to the vocational expert, and the identification of transferrable skills. The ALJ applied the correct legal standards, and his decision finding that Yarbrough was not disabled is supported by substantial evidence. *See Flaten v. Sec'y of Health & Human Svcs.*, 44 F.3d 1453, 1457 (9th Cir.1995).

AFFIRMED.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.